IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **NORTH ATLANTIC OPERATING COMPANY, INC., NATIONAL TOBACCO COMPANY, L.P.,** and **REPUBLIC TECHNOLOGIES INTERNATIONAL S.A.S.,** <br><br> *Plaintiffs,* <br><br> v. <br><br> **INDIANA IMPORT LLC, AMEER A. SALAMA (a/k/a AMIN SALAMA, ALEX SALAMA, and RAMI SALAMA), SHAKER M. HUSSEIN,** and **AREEJ 2020 INC. d/b/a SMOKE & VAPE ZONE,** <br><br> *Defendants.* | Case No. 1:25-cv-01592-RLY-MJD <br><br> District Judge Richard L. Young <br><br> Magistrate Judge Mark J. Dinsmore |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS AREEJ 2020 INC. d/b/a SMOKE & VAPE ZONE, AMEER A. SALAMA, AND SHAKER M. HUSSEIN'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT

Defendants Areej 2020 Inc. d/b/a Smoke & Vape Zone ("Areej 2020"), Ameer A. Salama ("Salama"), and Shaker M. Hussein ("Hussein") (collectively, the "Moving Defendants"), through undersigned counsel, respectfully submit this Memorandum of Law in Support of their Motion to Dismiss Plaintiffs' Complaint pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6).

1

**I.     INTRODUCTION**

1. This Motion concerns three Defendants—Areej 2020 Inc., Ameer A. Salama, and Shaker M. Hussein—who have been improperly joined in this action despite having no meaningful connection to this forum and no alleged conduct giving rise to jurisdiction in Indiana.

2. Plaintiffs North Atlantic Operating Company, Inc., National Tobacco Company, L.P., and Republic Technologies International S.A.S. (collectively, "Plaintiffs") have filed three overlapping motions in this case: (a) a Motion for Preliminary Injunction, (b) a Motion for Asset Freeze, and (c) a Motion for Expedited Discovery. Each of these motions seeks extraordinary relief on a preliminary record, yet none identifies any specific act by the Moving Defendants directed toward the State of Indiana.

3. Plaintiffs' approach—filing multiple pre-discovery motions seeking injunctive and discovery-related relief—rests on the same generalized allegations repeated throughout their Complaint, without distinguishing between the conduct of Indiana Import LLC and that of Areej 2020, Salama, or Hussein. The result is an overbroad and undifferentiated pleading that fails to satisfy the personal jurisdiction and plausibility requirements of federal law.

4. Plaintiffs' litigation strategy also includes two related cases pending before this same Court: *North Atlantic Operating Co., Inc. et al. v. Church Tobacco, LLC et al.*, Case No. 1:25-cv-01087 (S.D. Ind.), and *North Atlantic Operating Co., Inc. et al. v. Family Wholesale, LLC et al.*, Case No. 1:25-cv-01143 (S.D. Ind.). Both actions advance nearly identical claims under the Lanham Act against other defendants alleged to have distributed similar ZIG-ZAG® branded products. Plaintiffs' simultaneous pursuit of parallel lawsuits further underscores the duplicative and speculative nature of the allegations asserted here.

5. As explained below, the Complaint must be dismissed for two independent reasons: (1) this Court lacks personal jurisdiction over the Moving Defendants under Rule 12(b)(2), and (2) Plaintiffs have failed to plead any facts that would plausibly state a claim for relief under Rule 12(b)(6). Plaintiffs' unsupported group pleading, reliance on conclusory assertions, and multiplication of related actions collectively confirm that this case should not proceed against these Defendants.

## II.  LEGAL STANDARD

6. Under Federal Rule of Civil Procedure 12(b)(2), a complaint must be dismissed when the Court lacks personal jurisdiction over a defendant. The plaintiff bears the burden of establishing a prima facie showing of jurisdictional facts. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003).

7. Due process requires that a defendant have sufficient "minimum contacts" with the forum state such that maintaining the suit does not offend traditional notions of fair play and substantial justice. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). These contacts must arise out of the defendant's own purposeful actions directed at the forum state.

8. Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed if it fails to state a claim upon which relief can be granted. The complaint must allege enough factual matter, accepted as true, to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## III.  PROCEDURAL BACKGROUND

9. Plaintiffs filed their Complaint on October 18, 2025, and within just nine days—by October 27, 2025—filed three separate motions seeking extraordinary relief: (1) a

Motion for Preliminary Injunction (Dkt. 35), (2) a Motion for Asset Freeze (Dkt. 33), and (3) a Motion for Expedited Discovery (Dkt. 32). These motions were filed before any Defendant had filed a responsive pleading, appeared through counsel, or had an opportunity to evaluate the allegations in the Complaint.

10. Plaintiffs' litigation strategy—filing multiple overlapping motions for injunctive and discovery relief immediately after initiating the action—has placed the Defendants at a distinct procedural disadvantage. Plaintiffs have sought to secure interim relief and expedited discovery before the Parties are even at issue, thereby attempting to shape the factual record prior to the filing of any responsive pleading.

11. Compounding this premature approach, Plaintiffs have already served written discovery requests, despite the absence of an operative schedule and before the Court's resolution of the pending jurisdictional and procedural motions. Such conduct contravenes the spirit of Federal Rule of Civil Procedure 26(d) and is inconsistent with the orderly administration of justice.

12. The purpose and effect of this procedural posture are evident: Plaintiffs seek to pressure and overwhelm the Defendants through aggressive motion practice and premature discovery tactics, compelling the expenditure of resources across multiple forums before the threshold issues of jurisdiction and sufficiency have even been resolved.

13. Plaintiffs' rush to litigate—filing their Complaint on October 18 and a trio of motions by October 27—has created unnecessary duplication. Because Defendants have not yet filed responsive pleadings, any discovery responses compelled now will likely need to be supplemented once the pleadings are finalized, resulting in inefficiency and unnecessary cost.

The Court's intervention through dismissal—or, at minimum, procedural restraint—is required to restore fairness and judicial economy to this matter.

## IV.     ARGUMENT

### A.     The Court Lacks Personal Jurisdiction Over the Moving Defendants

14.     The Moving Defendants are non-residents who have no offices, employees, property, or ongoing business operations in Indiana. They maintain no registered agent or bank accounts within this state.

15.     Plaintiffs fail to allege any facts showing that these Defendants purposefully directed any conduct toward Indiana residents or availed themselves of the privileges of conducting business within Indiana. Jurisdiction cannot rest on nationwide commerce alone.

16.     The Complaint's generalized allegations that all "Defendants" engaged in nationwide distribution are insufficient to establish jurisdiction. Each Defendant must have distinct contacts with Indiana, and none are alleged here.

17.     Plaintiffs must demonstrate that each Defendant individually created contacts with Indiana giving rise to the claims at issue, which they have failed to do. Group pleading obscures the jurisdictional deficiencies.

18.     The Seventh Circuit has consistently rejected attempts to aggregate contacts among co-defendants for jurisdictional purposes. Jurisdiction must rest on specific, not generalized, forum-directed conduct.

19.     Because Plaintiffs have not identified a single sale, shipment, or act by these Defendants targeting Indiana, the constitutional requirement of purposeful availment has not

been satisfied. The alleged conduct, even if accepted as true, occurred entirely outside this forum.

20. The exercise of personal jurisdiction over these non-resident Defendants would offend due process, and dismissal under Rule 12(b)(2) is therefore required. The record, as pleaded, fails to meet even the minimum threshold for jurisdictional connection.

B. The Complaint Fails to State a Claim for Relief

21. Even if jurisdiction were proper, Plaintiffs' Complaint fails to plausibly allege any actionable conduct by the Moving Defendants. The pleading lacks the factual precision necessary to establish liability.

22. Plaintiffs do not identify which Defendant engaged in which acts of alleged infringement, instead attributing all conduct collectively to "Defendants." This failure to differentiate renders the claims defective on their face.

23. The Complaint provides no factual basis to impose individual liability on Salama or Hussein. Allegations based on ownership or managerial status alone cannot support Lanham Act claims.

24. Likewise, the Complaint fails to allege that Areej 2020 Inc. conducted business in or directed conduct toward Indiana. Plaintiffs' assertion of nationwide harm is legally insufficient without a concrete forum connection.

25. Plaintiffs' reliance on speculative and conclusory assertions, rather than factual allegations, precludes the Court from inferring plausible wrongdoing by these Defendants. Conclusory pleadings cannot substitute for evidence.

26. The Complaint also fails to plead the required elements of a Lanham Act claim, including the requisite intent or likelihood of confusion, as to the Moving Defendants. Plaintiffs' allegations rely solely on inference and lack substantiation.

27. Because Plaintiffs' claims rest entirely on unsupported group allegations, dismissal under Rule 12(b)(6) is proper. The pleading deficiencies are incurable without new factual development.

### C. Parallel Proceedings Reinforce the Lack of Jurisdiction and the Need for Dismissal

28. Plaintiffs acknowledge related cases arising from the same operative facts—*North Atlantic Operating Co., Inc. et al. v. Church Tobacco, LLC et al.*, Case No. 1:25-cv-01087 (S.D. Ind.), and *North Atlantic Operating Co., Inc. et al. v. Family Wholesale, LLC et al.*, Case No. 1:25-cv-01143 (S.D. Ind.). Each reflects Plaintiffs' strategy of piecemeal litigation.

29. Those cases involve overlapping parties, claims, and factual allegations, yet Plaintiffs have not demonstrated that jurisdiction over these Moving Defendants exists independently in this forum. The parallel nature of the suits underscores the speculative jurisdictional basis here.

30. The existence of parallel cases highlights the speculative nature of Plaintiffs' claims against these Defendants and underscores the absence of specific jurisdictional facts. It reveals a litigation pattern designed to exhaust resources and invite conflicting rulings.

31. Maintaining duplicative litigation across multiple forums imposes unnecessary burdens on both the judiciary and the parties, risking inconsistent rulings on identical issues. Courts consistently disfavor such redundant proceedings.

32. Plaintiffs' choice to pursue multiple cases based on substantially identical conduct evidences a strategy of duplicative pleading intended to expand discovery and motion practice rather than resolve legitimate disputes. This forum-shopping approach should not be condoned.

33. Allowing this case to proceed concurrently with those related matters would lead to inefficiency and inconsistent adjudication. Judicial economy and fairness require that this Court decline to extend its jurisdiction further.

34. The Court should dismiss this case as to the Moving Defendants to avoid redundant litigation and preserve judicial economy. Dismissal would align with the interests of justice and prevent procedural abuse.

## V. CONCLUSION

35. For the foregoing reasons, Defendants Areej 2020 Inc. d/b/a Smoke & Vape Zone, Ameer A. Salama, and Shaker M. Hussein respectfully request that this Honorable Court dismiss all claims asserted against them in Plaintiffs' Complaint with prejudice, or alternatively, stay proceedings against them pending resolution of the related jurisdictional issues.

Dated: November 6, 2025

Respectfully Submitted,

COLE SADKIN, LLC

By: /s/ Mason Cole
Mason Cole
*Lead Attorney for Defendants Indiana Import LLC, Ameer A. Salama, Shaker M. Hussein, and Areej 2020 Inc. d/b/a Smoke & Vape Zone*

**COLE SADKIN, LLC**
Mason Cole

1652 W. Belmont Ave., Suite 1
Chicago, IL 60657
Tel: (312) 548-8610
Email: mcole@colesadkin.com