UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NORTH ATLANTIC OPERATING COMPANY, INC., et al., | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) No. 1:25-cv-01592-MJD-RLY ) |
| INDIANA IMPORT, LLC, et al., | ) ) ) |
| Defendants. | ) |

**ORDER ON MOTION TO DISMISS**

This matter is before the Court on an ill-conceived motion to dismiss filed by Defendants Areej 2020 Inc. d/b/a Smoke & Vape Zone ("Areej 2020"), Ameer A. Salama, and Shaker M. Hussein (collectively referred to herein as "Defendants"). [Dkt. 45.] Defendant Indiana Import, LLC, does not join in the motion. For the reasons set forth below, the motion is **DENIED**.

**I. Background**

Plaintiff Republic Technologies International S.A.S. is the owner of four trademarks that it uses in conjunction with its ZIG-ZAG brand cigarette papers. Plaintiffs North Atlantic Operating Company, Inc., and National Tobacco Company, L.P., are the exclusive U.S. licensees and distributors of ZIG-ZAG branded cigarette paper booklets. In addition, Plaintiff North Atlantic Operating Company, Inc., is the owner of the four trademarks that are also used in conjunction with ZIG-ZAG branded cigarette paper booklets. Plaintiffs allege that the Defendants in this case have sold, offered for sale, and/or distributed cigarette papers that bear counterfeit imitations of their trademarks. Plaintiffs assert claims for violations of federal

trademark laws, trademark counterfeiting, and unfair competition, among other related state claims.

## II. Discussion

Defendants move to dismiss the claims against them for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) and for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants' arguments are addressed, in turn, below.

### A. Personal Jurisdiction

Defendants' argument that this court lacks personal jurisdiction over individual Defendants Salama and Hussein is, in a word, absurd. Plaintiffs allege in their Complaint that Salama and Hussein are citizens and residents of Indiana. "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). "General jurisdiction, as its name implies, extends to any and all claims brought against a defendant. Those claims need not relate to the forum State or the defendant's activity there; they may concern events and conduct anywhere in the world." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358 (2021); *see also B.D. by & through Myers v. Samsung Sdi Co.*, 143 F.4th 757, 765 (7th Cir. 2025) ("A court with general personal jurisdiction over a defendant may hear any claim brought against that party, regardless of whether its activities in the forum relate to the underlying lawsuit."). Therefore, Plaintiffs have pled all the facts they need to plead to make a *prima facie* case showing that this Court has personal jurisdiction over Salama and Hussein in this (or any other) case. That is all Plaintiffs have to do at this stage. *See Schoeps v. Sompo Holdings, Inc.*, 160 F.4th 815, 826 (7th Cir. 2025) ("The plaintiffs bear the burden of establishing personal jurisdiction, but when the issue is raised

on a motion to dismiss, that burden is met by making a *prima facie* showing of jurisdictional facts.") (citation omitted).

Defendants could, of course, have submitted declarations disputing the allegation that Salama and Hussein are citizens of Indiana. *See, e.g. B.D.*, 143 F.4th at 763 (noting that court "may also rely on each party's written declarations" when resolving a Rule 12(b)(2) motion). They did not do so, because they do not actually deny that fact. Instead, Defendants inexplicably argue that this Court lacks personal jurisdiction over Salama and Hussein even though they are citizens of Indiana. They make the following argument in their reply brief:

> Plaintiffs' Response rests on a recurring legal error: the conflation of residence with jurisdictional submission. Plaintiffs repeatedly suggest that because certain individual defendants reside in Indiana, those individuals—and any entities with which they are affiliated—have necessarily submitted to this Court's jurisdiction. That proposition finds no support in due process jurisprudence. Personal jurisdiction turns on purposeful availment and intentional forum-directed conduct, not on domicile, employment, or association alone.

[Dkt. 70 at 2]; *see also id.* at 5 ("Plaintiffs' jurisdictional theory collapses the constitutionally required distinction between **where a defendant resides** and **whether a defendant has voluntarily submitted to the jurisdiction of a forum**." . . . With respect to the individual defendants, Plaintiffs argue that Messrs. Salama and Hussein are subject to this Court's jurisdiction simply because they reside in Indiana. But residence, standing alone, does not constitute voluntary submission to jurisdiction for all claims . . . .") (emphasis in original)). That argument obviously contradicts the clear, unequivocal, and basic legal principles set forth above. Indeed, Defendants' own reply brief repeatedly uses the word "nonresident" in citing to Supreme Court case law, *see* [Dkt. 70 at 3, 4]; perhaps that should have been a clue that the legal principles cited to do not apply to **resident** defendants such as Salama and Hussein. Because

3

this Court has general jurisdiction over Salama and Hussein, Defendants' motion to dismiss for lack of personal jurisdiction as to them is **denied**.

Defendant Areej 2020 is a nonresident defendant; it is a citizen of Ohio. "Because the Lanham Act does not have a special federal rule for personal jurisdiction . . . we look to the law of the forum for the governing rule" to determine whether to exercise personal jurisdiction over a nonresident defendant. *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 800 (7th Cir. 2014), *as corrected* (May 12, 2014). Because "Indiana's long-arm statute—located in Trial Rule 4.4(A)—and the Due Process Clause are coterminous . . . our personal jurisdiction analysis collapses into a single inquiry: whether the Constitution permits an exercise of personal jurisdiction here." *B.D.*, 143 F.4th at 764.

Plaintiffs do not argue that this Court has general jurisdiction over Areej 2020, but rather asserts that the Court may exercise specific jurisdiction over it in this case.

> Specific personal jurisdiction rests on "an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Bristol-Myers Squibb Co. v. Superior Ct.*, 582 U.S. 255, 262, 137 S.Ct. 1773, 198 L.Ed.2d 395 (2017) (cleaned up). For specific personal jurisdiction, there must be: (1) purposeful availment—the defendant must have purposefully directed his activities at the forum state or purposefully availed himself of the privilege of conducting business in the forum; (2) relatedness—the alleged injury must arise out of or relate to the defendant's forum-related activities; and (3) fairness—the exercise of personal jurisdiction must comport with traditional notions of fair play and substantial justice. *E.g.*, *Rogers v. City of Hobart*, 996 F.3d 812, 819 (7th Cir. 2021); *Tamburo v. Dworkin*, 601 F.3d 693, 702 (7th Cir. 2010).

*B.D. by & through Myer v. Samsung SDI Co.*, 91 F.4th 856, 861 (7th Cir. 2024).

As Plaintiffs point out:

> Throughout the Complaint, Plaintiffs allege that Defendant Areej 2020 works directly "with Defendants Indiana Import, Mr. Salama and/or Mr. Hussein to sell and distribute the counterfeit cigarette papers[.]" (Dkt. No. 1 at ¶ 16.) This is evidenced at least by the fact that when Plaintiffs' investigators conducted one of the product test buys from Defendants Indiana Import and Salama, the

4

> investigators were instructed to pick up the counterfeit goods directly from Defendant Areej 2020. (*Id.* at ¶ [3]9.)
>
> ***
>
> Moreover, Defendant Areej 2020's tortious actions arose from a business transaction involving the State of Indiana. Here, Plaintiffs' investigators ordered a product in Indiana from an Indiana company. The sale conducted in Indiana was consummated through Defendant Areej 2020's delivery of counterfeit products. Accordingly, Areej 2020's conduct is directly connected to the alleged tortious activity of selling counterfeit goods in Indiana.

[Dkt. 61 at 10.] Plaintiffs are correct that the allegations in the Complaint are adequate to make a *prima facie* showing that this Court has specific jurisdiction over Areej 2020 in this case. At this stage, the Court is to "take as true the allegations of the complaint." *Schoeps*, 160 F.4th at 820 (citing *B.D.*, 143 F.4th at 763). Here, Defendants have submitted no evidence to contradict the allegation that Areej 2020 works with Defendants Indiana Import, Salama and/or Hussein, all Indiana citizens located in Indiana, to sell and distribute the allegedly counterfeit products at issue. Plaintiffs have adequately pled actions by Areej 2020 that demonstrate an affiliation between Indiana and the allegations against Areej 2020 in this case. It does not offend "traditional notions of fair play and substantial justice" to hale Areej 2020 into court in Indiana for allegations relating to its direct involvement with sales made or facilitated by Areej 2020 that occurred in Indiana in conjunction with the other Defendants, all of whom are located in Indiana.[1] Accordingly, Defendants' motion to dismiss for lack of personal jurisdiction as to Areej 2020 also is **denied**.

---

[1] Defendants correctly note that "personal jurisdiction 'must arise out of contacts that the defendant himself creates with the forum State'" and that "'the plaintiff cannot be the only link between the defendant and the forum.'" [Dkt. 70 at 6] (quoting *Walden v. Fiore*, 571 U.S. 277, 284 (2014)). However, it is unclear how Defendants believe the allegations in this Complaint implicate this correct statement of the law. Jurisdiction is premised on Areej 2020's own alleged business dealings with Indiana residents—the other Defendants—that caused the alleged trademark infringement. If the allegation was simply that an Indiana resident went to Ohio and

### B. Failure to State a Claim

Defendants argue in their opening brief that the claims against them in the Complaint should be dismissed for failure to state a claim. Defendants fail to cite any authority supporting their arguments and do not develop those arguments in any substantive way in their brief. Despite the fact that "[p]erfunctory and undeveloped arguments are waived, as are arguments unsupported by legal authority," *see Schaefer v. Universal Scaffolding & Equip., LLC*, 839 F.3d 599, 607 (7th Cir. 2016) (citing *United States v. Hook*, 471 F.3d 766, 775 (7th Cir. 2006)), Plaintiffs thoroughly address each of Defendants' arguments in their response brief. Defendants' reply brief fails to address any of Plaintiffs' arguments. The Court declines to expend additional resources addressing this issue; suffice it to say that, for the reasons set forth in Plaintiffs' response brief, [Dkt. 61], the Court readily finds that Plaintiffs have adequately pled each of their claims against the Defendants and therefore **denies** Defendants' motion to dismiss for failure to state a claim.

### III. Defendants' Briefs are Unacceptable

The above discussion of Defendants' motion hints at, but does not fully convey, the fact that Defendants' briefs are replete with misstatements of law and fact. In addition to Defendants' failure to acknowledge the existence and import of general jurisdiction, discussed at length above, Defendants make several additional troubling arguments.

First, Defendants argue:

> Plaintiffs' litigation strategy also includes two related cases pending before this same Court: *North Atlantic Operating Co., Inc. et al. v. Church Tobacco, LLC et al.*, Case No. 1:25-cv-01087 (S.D. Ind.), and *North Atlantic Operating Co., Inc. et al. v. Family Wholesale, LLC et al.*, Case No. 1:25-cv-01143 (S.D. Ind.). Both actions advance nearly identical claims under the Lanham Act against other

---

purchased infringing goods from Areej 2020 there, the limitations discussed in *Walden* would apply but, of course, that is not the allegation.

> defendants alleged to have distributed similar ZIG-ZAG® branded products. Plaintiffs' simultaneous pursuit of parallel lawsuits further underscores the duplicative and speculative nature of the allegations asserted here.

[Dkt. 46 at 2.] Those cases do not exist. The Court pointed that out to Defendants in an Order striking the first iteration of Defendants' motion to dismiss, which also cited to these non-existent cases. *See* [Dkt. 43 at 1]. Defendants nonetheless cited to the same non-existent cases again. *See* [Dkt. 46 at 2, 7]. Even worse, in a motion for extension of time, [Dkt. 44], Defendants acknowledged the Court's observation that the cases did not exist and made the following nonsensical statement:

> In addition, this case is one of three parallel proceedings initiated by Plaintiffs arising from the same alleged distribution chain: (a) *North Atlantic Operating Co., Inc. et al. v. Church Tobacco, LLC et al.,* Case No. 1:25-cv-01087 (S.D. Ind.); and (b) *North Atlantic Operating Co., Inc. et al. v. Family Wholesale, LLC et al.*, Case No. 1:25-cv-01143 (S.D. Ind.). While the Court's November 4 Order observed that those cases "do not exist in this district," they do in fact appear on the Southern District of Indiana docket (or, alternatively, in related federal jurisdictions proceeding on an identical factual record). Both have advanced further in discovery—through written discovery and preliminary disclosures— which will necessarily inform the accuracy and completeness of Indiana Import's forthcoming responsive pleading.

[Dkt. 44 at 4.] In other words, defense counsel could not be bothered to check and correct the citations, even after the Court pointed out the error. It was not until the Court directed Defendants to file the docket sheets of the cases they were attempting to reference, *see* [Dkt. 49], that Defendants finally properly identified the cases, which are: *Republic Technologies, LLC, et al. v. Indiana Import, LLC, et al.*, Case No. 1:25-cv-01394 (S.D. Ind.) (hereinafter referred to as the "*Republic* case") and *Church & Dwight Co, Inc. v. Indiana Import, LLC, et al.*, Case No. 1:25-cv-01395 (S.D. Ind.) (hereinafter referred to as the "*Church & Dwight* case"). In the filing that finally identified the cases, Defendants state that "Defendants refiled the Motion to Dismiss, but failed to notice that the parallel North Atlantic Operating Company, Inc. cases had been

7

written with the incorrect case number." [Dkt. 50 at 2.]  But it was not just the case numbers that were incorrect.  **North Atlantic Operating Company, Inc., is not a party to either case and neither of the defendants listed in the incorrect citations appear in either case**.  Defense counsel failed to acknowledge that fact and certainly did not offer any explanation for the error or apology for wasting the Court's time by making and then failing to correct the error.

So Defendants cited to two nonexistent cases even after being told they did not exist.  To compound the problem, Defendants cited to those cases in service of an utterly nonsensical argument, which the Court will quote in full:

> C. Parallel Proceedings Reinforce the Lack of Jurisdiction and the Need for Dismissal
>
> 28. Plaintiffs acknowledge related cases arising from the same operative facts—*North Atlantic Operating Co., Inc. et al. v. Church Tobacco, LLC et al.*, Case No. 1:25-cv-01087 (S.D. Ind.), and *North Atlantic Operating Co., Inc. et al. v. Family Wholesale, LLC et al.*, Case No. 1:25-cv-01143 (S.D. Ind.).  Each reflects Plaintiffs' strategy of piecemeal litigation.
>
> 29. Those cases involve overlapping parties, claims, and factual allegations, yet Plaintiffs have not demonstrated that jurisdiction over these Moving Defendants exists independently in this forum.  The parallel nature of the suits underscores the speculative jurisdictional basis here.
>
> 30. The existence of parallel cases highlights the speculative nature of Plaintiffs' claims against these Defendants and underscores the absence of specific jurisdictional facts.  It reveals a litigation pattern designed to exhaust resources and invite conflicting rulings.
>
> 31. Maintaining duplicative litigation across multiple forums[2] imposes unnecessary burdens on both the judiciary and the parties, risking inconsistent rulings on identical issues.  Courts consistently disfavor such redundant proceedings.
>
> 32. Plaintiffs' choice to pursue multiple cases based on substantially identical conduct evidences a strategy of duplicative pleading intended to expand discovery

---

[2] All three cases are pending in this district, so it is unclear what "multiple forums" Defendants are referring to.

8

> and motion practice rather than resolve legitimate disputes. This forum-shopping approach should not be condoned.[3]
>
> 33. Allowing this case to proceed concurrently with those related matters would lead to inefficiency and inconsistent adjudication. Judicial economy and fairness require that this Court decline to extend its jurisdiction further.
>
> 34. The Court should dismiss this case as to the Moving Defendants to avoid redundant litigation and preserve judicial economy. Dismissal would align with the interests of justice and prevent procedural abuse.

[Dkt. 46 at 7, 8.] The Court has tried, in vain, to understand how the existence of another lawsuit could possibly be relevant to whether the Court has personal jurisdiction over the Defendants in this lawsuit. This would be true even if the cases at issue were, in fact, "redundant," as Defendants claim. But they are not. To be clear: None of the Plaintiffs in this case is a party to either of the other cases. Nor do the cases involve the same trademarks. This case involves Plaintiffs' ZIG-ZAG® and NORTH ATLANTIC OPERATING COMPANY® brand products. [Dkt. 1 at 1.] The other cases involve "Republic's JOB® and E-Z WIDER® brand products," *see Republic* Case, Dkt. 47 at 2, and "Church & Dwight's TROJAN® MAGNUM® brand products," *see Church & Dwight* Case, Dkt 38 at 2.

So, let's review. Defendants argue that the existence of two other cases involving two different sets of plaintiffs suing them for infringing two different sets of trademarks is somehow relevant to whether the Court has personal jurisdiction against them in this case, which involves a third set of plaintiffs suing them for infringing a third set of trademarks. Enough said.

Next, Defendants argue in their reply brief that Plaintiffs "improperly attempt to bootstrap jurisdiction through discovery participation." [Dkt. 70 at 7.] The Court has searched Plaintiffs' response brief in vain for any such argument. Plaintiffs acknowledge in the

---

[3] Again, all three cases are pending in this district.

Background section of their brief that "the Parties stipulated to an order expediting discovery, restraining the Defendants' assets, and a preliminary injunction order," [Dkt. 61 at 4], but nowhere in their brief do they suggest that this stipulation is in any way a concession of personal jurisdiction by Defendants.[4]

Finally, Defendants repeatedly state in their opening brief that Salama and Hussein are not Indiana residents.  *See* [Dkt. 46 at 2] ("This Motion concerns three Defendants—Areej 2020 Inc., Ameer A. Salama, and Shaker M. Hussein—who have been improperly joined in this action despite having no meaningful connection to this forum and no alleged conduct giving rise to jurisdiction in Indiana."); *id.* at 5 ("The Moving Defendants are non-residents who have no offices, employees, property, or ongoing business operations in Indiana.  They maintain no registered agent or bank accounts within this state."); *id.* at 6 ("The exercise of personal jurisdiction over these non-resident Defendants would offend due process . . . .").  As noted above, however, in their reply brief they concede that Salama and Hussein "reside in Indiana." [Dkt. 70 at 2.]

Defendants' briefs in this case fall far below the accuracy and quality expected of attorneys appearing in this court, indeed in any court.  The Court has strongly considered issuing an order to show cause why Defendants' counsel, Mason Cole, should not be subjected to sanctions for the problems outlined herein.  Frankly, that would only require the Court to spend more of its limited resources dealing with issues related to motions that it has already had to spend too much time addressing.  However, the Court will not hesitate to issue such an order in the future if these issues persist.  To help ensure that they do not, Mr. Cole, who is appearing *pro*

---

[4] The Court acknowledges Defendants' non-frivolous argument that Plaintiffs improperly impute the admissions in Defendant Indiana Import LLC's Answer to Defendants Salama and Hussein.

*hac vice* in this case, is **ORDERED**, pursuant to Local Rule 83-6(e), to retain local counsel who resides in this district to appear in this case; such counsel shall enter an appearance in this matter **by no later than February 13, 2026**.

### IV.  Conclusion

For the reasons set forth below, Defendants' motion to dismiss, [Dkt. 45], is **DENIED** in its entirety.  In addition, defense counsel Mason Cole is **ORDERED**, pursuant to Local Rule 83-6(e), to retain local counsel who resides in this district to appear in this case **by no later than February 13, 2026**.  Mr. Cole is admonished that the filing of any additional motions or briefs containing frivolous arguments or misrepresentations in this case will likely result in the imposition of sanctions.

In addition, Mr. Cole is ordered to provide a copy of this order to each of his clients in this matter, and to file a certification that he has done so **within seven days of the date of this order**.

SO ORDERED.

Dated:  15 JAN 2026

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the Court's ECF system.